IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV38-1-MU

LINDSAY G. HEMPHILL,

           Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.

ORDER

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed April 30, 2002.

For the reasons set forth in Respondent's Motion for Summary Judgment and below, the Court grants Respondent's Motion for Summary Judgment and dismisses Petitioner's Motion to Vacate.

## PROCEDURAL HISTORY

On September 12, 2000, Petitioner was indicted for a series of federal gun and drug offenses. On April 5, 2001, the parties filed a plea agreement with the Court. On April 25, 2001, at his Rule 11 hearing, Petitioner entered a guilty plea to the 18 U.S.C. § 922(g) charge. Pursuant to the terms of his plea agreement, the Government moved to dismiss the remaining charges against Petitioner. On July 25, 2001, this Court sentenced Petitioner to 70 months imprisonment. Petitioner did not file a direct appeal of his sentence and conviction.

On January 28, 2002, Petitioner filed the instant Motion to Vacate alleging that

he is actually innocent of the crime for which he has been convicted and that he received ineffective assistance of counsel. The Court will address Petitioner's claims below.

## ANALYSIS

### Actual Innocence

Petitioner asserts in his Petition that he is actually innocent of the crime for which he was convicted. More specifically, Petitioner contends that he is actually innocent of his § 922(g) charge because the Government failed to prove the interstate jurisdictional element.

To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner must establish that "' in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." Id. It is thus Petitioner's burden to demonstrate that the gun at issue did not travel in interstate commerce at some point. See United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2001)(setting forth elements of § 922(g) claim).

Based upon Petitioner's arguments, it is obvious that he misunderstands the interstate travel element of a § 922(g) offense. Petitioner's assertion that "contemporaneous interstate transportation" is required to satisfy the interstate element of a § 922(g) offense is erroneous. See United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2001). Consequently, Petitioner's contentions that he was not on federal property nor on an interstate facility are irrelevant.

Moreover, Petitioner admits that the gun at issue had traveled in interstate

2

commerce earlier but contends that it had come to "rest" when he possessed it.[1] (Mot. to Vac. p. 6). The fact that a firearm was manufactured in another state typically satisfies the "in or affecting commerce" element of a § 922(g) violation. See e.g., United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2001).

Furthermore, when a petitioner who has pled guilty asserts a claim of actual innocence, he must establish actual innocence of the charges foregone by the government as part of the plea agreement as well as actual innocence of the crime to which he pled guilty. See Bousley, 523 U.S. at 624. Upon reviewing the record, the Court holds that Petitioner has not argued, much less established, that he is actually innocent of all of the crimes with which he was charged.

Illegal Search and Seizure

Petitioner alleges that the search of his car was non-consensual. Petitioner waived his right to contest the validity of this search when he signed his plea agreement. (Plea Agr. ¶ 14).

Furthermore, it is well settled that a defendant who voluntarily pleads guilty to the charge against him cannot later attack his conviction by claiming that he was deprived of his constitutional rights before he entered his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner's illegal search and seizure claim is therefore dismissed.

---

[1] In support of his position, Petitioner cites cases which are not binding precedent on this Court. The law of the Fourth Circuit is not in accordance with Petitioner's contentions.

## Ineffective Assistance of Counsel

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). In <u>Strickland</u>, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id.</u> at 689; <u>Fields v. Attorney General of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1995). Petitioner bears the burden of proving <u>Strickland</u> prejudice. <u>Fields</u>, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." <u>Id.</u> at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. <u>Hill v. Lockhart</u>, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir.), <u>cert. denied</u>, 488 U.S. 843 (1988).

Petitioner alleges that he received ineffective assistance of counsel because his attorney "was assured" of his guilt and "therefore ignored the relevant law regarding

4

[Petitioner's] innocence." (Mot. to Vac. p. 10). Petitioner does not further develop this claim. The Court assumes he is alleging that his counsel failed to challenge the interstate commerce element of § 922(g). For reasons previously stated, there was no basis for making such a challenge and Petitioner's counsel was not therefore ineffective for failing to further pursue this defense.

Petitioner also alleges that his attorney was ineffective for failing to "move for dismissal of the indictment and an acquittal of the charges." (Mot. to Vac. p. 10). Petitioner voluntarily[2] pled guilty to Count Three. Consequently, his counsel could not move for dismissal of that charge nor could he move for an acquittal at trial. Moreover, Petitioner points to no evidence or theory of law that would support a dismissal of any of his charges.

Finally, Petitioner quotes Roe v. Flores-Ortega, 528 U.S. 470 (2001) at the bottom of his Motion to Vacate. Petitioner does not elaborate on this claim except to note the following quote from the case "The attorney for the defendant was unconstitutionally deficient for failing to consult with defendant regarding appeal." Petitioner also provides an affidavit in which he alleges that his counsel did not consult with him concerning his appeal options.

In response, Respondent submits an affidavit of Petitioner's counsel which sets forth that after Petitioner's sentence was imposed he consulted with Petitioner and

---

[2] In reaching a decision on the voluntariness of Petitioner's plea, the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

5

informed him that he did not see a basis for appeal. (Stroud Aff. ¶ 3). According to Mr. Stroud's affidavit "at no time did Mr. Hemphill indicate to me that he wished to enter a notice of appeal. On the contrary he indicated that he was satisfied with the judgement." (Stroud Aff. ¶ 4). In his response to Respondent's Motion for Summary Judgment, Petitioner does not further address his Roe claim.

When a client does not specifically instruct his attorney to appeal, the question of whether counsel was ineffective depends on whether counsel consulted with his client about the appeal. Roe, 528 U.S. at 478. Although it is better for counsel to consult with a defendant about the possibility of an appeal, it is not always unconstitutional to fail to do so. Id. at 478-80. Counsel has a constitutionally imposed duty to consult with a client about his right to appeal when there is reason to think either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds fro appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. At 479. "In making this determination, courts must take into account all the information counsel knew or should have known." Id. One highly relevant factor is whether the defendant pled guilty or proceeded to trial. Id. A guilty plea reduces the scope of appealable issues and indicates that the defendant sought an end to the judicial proceedings. Id. In a guilty plea context a court must also consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id.

In this case, Petitioner pled guilty, received a sentence at the low end of the bargained upon term of imprisonment, and expressly waived his right to appeal except for allegations of prosecutorial misconduct or ineffective assistance of counsel.

Petitioner has made no allegations of prosecutorial misconduct. Nor did the record clearly establish that Petitioner had received ineffective assistance of counsel and therefore he could not have raised this issue on direct appeal.

Nor does Petitioner allege anywhere that he gave any indication whatsoever to his counsel that he was interested in filing an appeal. Indeed, he does not even assert now that at the time of his conviction he wished his attorney to appeal. Consequently, the Court dismisses Petitioner's ineffective assistance of counsel claim.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is GRANTED; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED.

This /5/ day of September, 2003.

Graham C. Mullen, Chief Judge
United States District Court

## * * MAILING CERTIFICATE OF CLERK * *

Re: 3:02-cv-00038

True and correct copies of the attached were mailed by the clerk to the following:

    Lindsay Gernard Hemphill
    LSCI Butner
    Legal Mail
    #16347-058
    P.O. Box 999
    Butner, NC 27509

cc:
Judge ( )
Magistrate Judge ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other_____ ( )

Date: 9-16-03

Frank G. Johns, Clerk
By: _____
    Deputy Clerk